JOHN FAHLMANN, as Administrator, etc., of JOSEPH FAHLMANN, Deceased, Appellant, v. COLONIAL BEACON OIL COMPANY, INC., Respondent, and Others.— Appeal from an order of Albany County Special Term of the Supreme Court denying plaintiff's motion for examination before trial of the defendant Colonial Beacon Oil Company, Inc., by William D. Weitz, its Albany district manager. From the complaint which is verified by plaintiff's attorney and the moving affidavit which is also verified by the attorney, it is asserted that the plaintiff's intestate was killed October 14, 1932, by the explosion of a drum of gasoline which was sold to plaintiff on April 6, 1932, and that the explosion occurred while deceased was at plaintiff's farm. No other facts are given as to the circumstances and conditions existing at the time of the explosion. It is alleged that the gasoline in question was purchased by plaintiff of the defendants Whiteside and Buell, who conduct a gasoline station at Greenwich, N. Y., where the gasoline in question was pumped into the drum in question and that the said gasoline was the product of the defendant Colonial Beacon Oil Company, Inc. By its notice of motion plaintiff asked for an order permitting it to examine the said Colonial Beacon Oil Company, Inc., as to the method of handling the gasoline known as Colonial Beacon gasoline sold to the defendants Whiteside and Buell, during the month of April, 1932; the place from which said gasoline was received; at which plant of the defendant it was refined; the method of refining thereof and the tests taken of the product; whether the product so refined and tested complied with the specifications of the defendant Colonial Beacon Oil Company, Inc., and with the specifications of the laws of the State of New York; also whether or not any foreign elements were detected by the tests so made and if so, what elements and the quantity and percentages thereof. The court below in denying the motion said that " while the courts of this State are inclined to be liberal in granting an examination before trial, they do not sanction a proceeding which appears to be somewhat of a fishing excursion." Order affirmed, with ten dollars costs and disbursements, without prejudice to the right of plaintiff to renew application on proper papers. Hill, P. J., Rhodes, McNamee and Heffernan, JJ., concur; Bliss, J., not participating in the decision.

THOMAS VALERIO, Respondent, v. ORVILLE B. TERWILLIGER and Another, Appellants.— The plaintiff's automobile was being operated on the west side of Glenn avenue in the city of Amsterdam, about two feet from the curb, when the automobile of the defendant, which was following a bus being driven in a northerly direction on the same street and, while the bus was still moving, pulled out and passed the bus, and the automobiles of plaintiff and defendant came together causing the damages for which the plaintiff brought this action. The hill was steep. Judgment modified, on the law and facts, by awarding to the plaintiff damages to the amount of twenty dollars and sixteen cents, and as so modified affirmed, with costs. The court makes the following findings of fact: That defendants were negligent, and plaintiff free from contributory negligence; that the damages suffered by plaintiff, through the negligence of the defendants, amounted to twenty dollars and sixteen cents. Hill, P. J., Rhodes, McNamee, Crapser and ' Heffernan, JJ., concur.